UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

RANDA AGHA-RAAD, an individual,

Plaintiff,

-vs-

ALLIANCE ONE RECEIVABLES MANAGEMENT, INC. a Foreign profit corporation,

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RANDA AGHA-RAAD, by and through the undersigned counsel (*hereinafter* "Plaintiff"), hereby sues Defendant, ALLIANCE ONE RECEIVABLES MANAGEMENT, a foreign profit corporation (*hereinafter,* "Defendant") for violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and in support thereof states as follows:

### BRIEF INTRODUCTION

1. This is an action for damages under the Telephone Consumer Protection Act ("TCPA") resulting from Defendant's relentless calls using an automated telephone dialing system ("ATDS") and a pre-recorded voice ("robo-call").

2. Defendant's calls were not intended for Plaintiff, but despite Plaintiff informing Defendant of same, Defendant continued to berate Plaintiff with autodialed calls to her personal cell phone—Defendant even refused to inform Plaintiff of the nature of the calls.

3. Under the TCPA, both ATDS and robo-calls are unlawful when made to a cellphone, unless made with the recipient's prior express-written-consent.[1] However, even when consent is initially provided, the call recipient has the absolute right to revoke consent by any reasonable means, including orally.[2]

4. Importantly, it is Defendant's burden to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute and that the consent was not revoked.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a natural person and citizen of the State of Florida.

6. Defendant's principal place of business is in Trevose, Pennsylvania and it is registered with the Florida Department of State as a foreign profit corporation.

7. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)[3] because this case arises out of violations of federal law.

8. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2), because Defendant transacts substantial business in the forum and the illegal calls at issue were made into the forum.

---

[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2).

[2] *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, ¶ 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, ___ F.C.C. ___ (July 10, 2015); *Coniglio v. Bank of Am., N.A.*, No. 8:14-cv-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Fla. 2014) citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014)

[3] *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

## FACTUAL ALLEGATIONS

9. In or about February 2017, Defendant began placing autodialed and/or prerecorded calls from telephone number: 866-464-9481, and various other phone-numbers, to Plaintiff's cellphone number, XXX-XXX-0935.

10. Plaintiff did not and has not expressly consented to Defendant's ATDS calls to Plaintiff's cellphone.

11. Plaintiff did not and has not expressly consented to Defendant's robo-calls to Plaintiff's cellphone.

12. Indeed, Defendant's calls were not intended for Plaintiff—a fact that Plaintiff has repeatedly disclosed to Defendant and a fact that Defendant has willfully ignored.

13. Knowing it lacked Plaintiff's consent, Defendant placed over one-hundred and thirty (130), autodialed and prerecorded phone calls to Plaintiff's cellphone.

14. Most of the calls used "an artificial or prerecorded voice" or left pre-recorded messages as described in 47 U.S.C. § 227(b)(1)(A).

15. It is apparent that Defendant's calls to Plaintiff's cellphone were made using an ATDS as defined by 47 U.S.C. § 227(a)(1) for the following reasons:

    i. the number of calls—over one-hundred (100) in less than three (3) months;
    ii. the consistency of calls—effectively daily;
    iii. the number of daily calls;
    iv. the consistent pattern of daily call times;
    v. the long initial "dead-air" silence during each call; and
    vi. the robotic/prerecorded voice used during calls and voicemails.

16. Plaintiff was relentlessly forced to answer unwanted calls, listen to hundreds of prerecorded voicemails, or at a minimum, have her days and nights interrupted at least one hundred (100) times by unwanted incoming calls.

17. Defendant's repeated calls were not only time consuming, but abusive and harassing, and deprived Plaintiff of her statutorily created right to be free from such continued privacy intrusion.

18. None of Defendant's phone calls were placed for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

19. Defendant's telephone calls to Plaintiff's cellphone, which were placed through the use of an "artificial or prerecorded voice," and ATDS for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

20. Upon information and belief, Plaintiff's experience is typical of that of other consumers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

21. Based on, amongst other things, the incessant number calls placed without consent, the continued calls to the wrong recipient, and the outrageous volume of calls, Defendant willfully or knowingly violated the TCPA.

22. As a result of the forgoing, Plaintiff has suffered damages including, without limitation violation of statutorily created rights, invasion of privacy, mental anguish, stress, and interference with employment.

## COUNT I
## VIOLATION OF THE TCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

23. Defendant or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellphone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

24. Defendant continued to make such calls without Plaintiff's consent.

25. Defendant continued make such calls despite Plaintiff's demand to stop.

26. Defendant willfully or knowingly violated the TCPA.

27. As a result of the forgoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

(a) $500.00 dollars in statutory damages for each violation of the TCPA;

(b) $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA;

(c) a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

(d) a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cell phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice;

(e) actual damages as provided for in the TCPA;

(f) litigation costs; and

(g) such other and further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully submitted this 19th day of May, 2017, by:

**ZEBERSKY PAYNE, LLP**
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: jshaw@zpllp.com
Secondary E-mail: mperez@zpllp.com

JORDAN A. SHAW, ESQ.
Florida Bar No. 111771